[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a malpractice action against the defendants, Gaylord Hospital, et al., by the conservator of the estate of Arcangelo Valentino, who is alleged to have sustained personal injuries as a result of a fall out of a window while he was a patient at the defendant hospital.
The plaintiffs will provide written authorizations permitting the various physicians who treated Mr. Valentino to disclose to the defendants the usual information concerning topics such as treatment and prognosis. The defendants, however, seek an order that the authorizations also permit ex parte interviews or discussions by their attorneys with these physicians, and the plaintiffs have objected. Both the plaintiffs and the defendants have referred to General Statutes 52-1460, which prohibits a physician from disclosing information relating to his patient unless the patient or his authorized representative "explicitly consents to such I disclosure." This statute, however, does not explicitly authorize ex parte communications with a plaintiff's physician, and no Connecticut cases have been located that discuss the issue.
The defendants' motion to broaden the usual medical authorization to permit this type of communication is denied, as I believe it falls without the scope of the of the statute, and could easily lead to a violation of the statute by the physician. Although the defendants contend that such a communication would be convenient, particularly in the light of the great number of physicians who treated Mr. Valentino, and also point out that the plaintiffs have unrestricted access to these same physicians, I believe these factors are outweighed by other considerations. First, the provisions of our statutes and rules that explicitly authorize, among other things, depositions of treating physicians, and written medical reports, have traditionally been regarded as affording adequate discovery to defendants in medical malpractice cases.
Second, permitting ex parte discussions with a plaintiff's CT Page 1211 physician could unnecessarily place the doctor in an untenable position in the light of the patient-physician statutory privilege. The physician might be required to make instant decisions about the statutory scope of this privilege, i.e., what information may be disclosed to the defendants, as contrasted with what material is encompassed by the statute's express requirement of explicit consent on the part of the patient. The issue of the relevancy of the requested information to the particular law suit could also arise, and this type of decision should not be forced on a physician outside the formal setting of statutory discovery.
Third, such ex parte communications could jeopardize the confidential and fiduciary nature of the patient-physician relationship. A patient's realization that his physician may at some future date sit down for a discussion with lawyers for the patient's adversary in a law suit, could well inhibit the full and frank disclosure necessary for the physician to carry out his obligation to render the most effective medical care under the circumstances. This in turn could endanger or threaten the patient's right to such treatment.
For these reasons, the defendants' request that the medical authorizations directed to Mr. Valentino's doctors also include permission for them to engage in ex parte interviews and discussions with the attorneys for the defendants is not warranted under the circumstances, and hence is denied.
So Ordered.
Dated at Bridgeport, Connecticut, this 19th day of February, 1992.
WILLIAM B. LEWIS, JUDGE